# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

JAMES S. AKERS,           )
                               )
           Plaintiff,         )
                               )
v.                           )        **CIVIL ACTION NO. 1:04-1247**
                               )
JO ANNE B. BARNHART,     )
Commissioner of Social Security,  )
                               )
           Defendant.      )

### <u>PROPOSED FINDINGS AND RECOMMENDATION</u>

This is an action seeking review of the final decision of the Commissioner of Social Security

denying the Plaintiff's application for disability insurance benefits (DIB) and supplemental security

income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-

1383f. By Standing Order, this case was referred to the undersigned United States Magistrate Judge

to consider the pleadings and evidence, and to submit Proposed Findings of Fact and

Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before

the Court are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Judgment on

the Pleadings (Document Nos. 8 and 10.). The parties have filed Memoranda in support of their

positions. (Document Nos. 9 and 11.)

The Plaintiff, James S. Akers (hereinafter referred to as "Claimant"), filed Applications for

DIB and SSI on May 28, 2003, alleging disability as of April 19, 1999, due to a back disorder. (Tr.

at 100 - 102, 228 - 232.) The claims were denied initially and upon reconsideration. (Tr. at 62 - 65,

68 - 69, 233 - 237, 239 - 240.) On September 12, 2003, Claimant requested a hearing before an

Administrative Law Judge (ALJ). (Tr. at 73 - 74.) The hearing was held on January 23, 2004, before

the Honorable Richard Swartz.  (Tr. at 29 - 59.) By Decision dated March 25, 2004, ALJ Swartz

determined that Claimant was not entitled to benefits. (Tr. at 19 - 24.) The ALJ's Decision became

the final decision of the Commissioner on September 24, 2004, when the Appeals Council denied

Claimant's request for review.  (Tr. at 6 - 7.) On November 22, 2004, Claimant brought the present

action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

(Document No. 1.)

    Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has

the burden of proving a disability.  See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any

medically determinable impairment which can be expected to last for a continuous period of not less

than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

    The Social Security Regulations establish a "sequential evaluation" for the adjudication of

disability claims.  20 C.F.R. §§ 404.1520, 416.920 (2002).  If an individual is found "not disabled"

at any step, further inquiry is unnecessary.  Id. §§ 404.1520(a), 416.920(a).  The first inquiry under

the sequence is whether a claimant is currently engaged in substantial gainful employment.  Id. §§

404.1520(b), 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from

a severe impairment.  Id. §§ 404.1520(c), 416.920(c).  If a severe impairment is present, the third

inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to

Subpart P of the Administrative Regulations No. 4.  Id. §§ 404.1520(d), 416.920(d).  If it does, the

claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the

claimant's impairments prevent the performance of past relevant work.  20 C.F.R. §§ 404.1520(e),

416.920(e).  By satisfying inquiry four, the claimant establishes a *prima facie* case of disability.

Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2002). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since May 20, 2003. (Tr. at 23, Finding No. 2.) Under the second inquiry, the ALJ found that during the relevant period Claimant suffered from cervical/dorsal/lumbosacral strain superimposed on degenerative disc disease which he regarded as severe. (Tr. at 23 and 23, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairment did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 23, Finding No. 4.) The ALJ found that "[t]he claimant retains the residual functional capacity to perform the full range of work at the light level of exertion." (Tr. at 23, Finding No. 6.) The ALJ further found that "[t]he claimant's past relevant work as a security guard and dispatcher did not require the performance of work-related activities precluded by his residual functional capacity."[1] (Tr. at 23, Finding No. 7.) The ALJ therefore found at the fourth inquiry that "[t]he claimant's

---

[1] 20 C.F.R. § 404.1560(b) provides respecting "Past relevant work" that "[w]e will first compare your residual functional capacity with the physical and mental demands of the kind of work you have done in the past. If you still have the residual functional capacity to do your past relevant work we will find that you can still do your past work, and we will determine that you are not disabled, without considering your vocational factors of age, education and work experience."

impairment does not prevent him from performing his past relevant work." On this basis, benefits were denied.  (Tr. at 24.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In Blalock v. Richardson, substantial evidence was defined as

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence.  Hays v.Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

Claimant's Background

Claimant was born on March 19, 1953, and was 50 years old at the time of the administrative hearing (January 23, 2004). (Tr. at 32, 100.) Claimant has a high school education. (Tr. at 33, 122.) In the past, he worked as a security director, a security officer and a dispatcher.  (Tr. at 34 - 36, 117.)

The Medical Record

The Court has reviewed all evidence of record, including the medical evidence, and will discuss it below as it relates to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

4

Claimant asserts that "the ALJ has failed to properly follow the regulations in assessing the pain, credibility and functional limitations, and thus, there are grounds for reversing the decision." (Document No. 9, p. 4.) Thus, Claimant asserts that the ALJ erred in considering (1) his pain and credibility and (2) his functional limitations. Respecting the ALJ's pain and credibility analysis, Claimant states that the ALJ failed to consider "the intensity, persistence and functionally limiting effects of Claimant's symptoms and the extent to which they affect the ability to do basic work activities." (Id., p. 5.) Claimant states that the ALJ did not discuss his activities of daily living, factors that precipitate and aggravate Claimant's symptoms and the type, dosage, effectiveness and side effects of Claimant's medications. (Id., p. 6.) Citing Social Security Ruling 96-7p, Claimant further states that "the ALJ has violated the rule by disregarding Mr. Akers' complaints, even in light of medical evidence supporting them. Here, conclusory statements are used in place of reasoned analysis, grounded in evidence and articulated in the decision." (Id., p. 7.) Claimant contends that the ALJ "improperly interjected his own medical opinion concerning the seriousness of Mr. Akers' impairment as a basis for concluding Mr. Akers is not disabled." (Id., p. 9.) Finally, Claimant asserts that the ALJ erred in assessing his credibility and states that "Mr. Akers' medical history and statements are consistent with an individual who suffers from chronic pain and is seeking a method to treat it." (Id., p. 10.) Respecting the ALJ's functional limitations analysis, Claimant contends that the ALJ found that he had no limitations in sitting, standing and walking when his treating doctor and Dr. Kropac "restricted him from prolonged standing and walking." (Id.)

Defendant contends that "[s]ubstantial evidence supports the ALJ's finding that Plaintiff has the residual functional capacity to perform his past relevant light work." (Document No. 11, p. 6.) Defendant states that "although Plaintiff alleges disabling back and neck pain, diagnostic testing has

revealed minimal findings." (Id.) Defendant asserts that Claimant has been treated conservatively for his complaints. (Id.) Defendant states that the ALJ was entitled to disregard the opinion of Dr. Kropac that Claimant is incapable of gainful employment and permanently totally disabled because such decisions on ultimate issues are reserved to the Defendant. Defendant points out that an RFC assessment of a State agency physician indicates that Claimant is capable of medium work. (Id., pp. 6 - 7.) Defendant states that "[t]he ALJ more than accounted for any work-related limitations that were supported by the record by restricting Plaintiff to light work, and the vocational expert testified that Plaintiff could perform his past relevant work as a security guard and dispatcher despite that restriction. Furthermore, the vocational expert testified that these jobs could be performed with a sit/stand option." (Id., p. 7.)

## ANALYSIS

At levels four and five of the sequential analysis, the ALJ must determine the claimant's residual functional capacity (RFC) for substantial gainful activity, i.e., what the claimant can still do. At level four, the ALJ considers the claimant's symptoms, including pain. A two-step process is used to determine whether a claimant's symptoms, including pain, are disabling. First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the symptoms/pain alleged. 20 C.F.R. §§ 404.1529(b) and 416.929(b) (2002); SSR 96-7p; see also Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). If such an impairment is established, then the intensity and persistence of the symptoms/pain and the extent to which they affect a claimant's ability to work must be evaluated. Craig, 76 F.3d at 595. When a claimant proves the existence of a medical condition that could cause symptoms/pain, "the claimant's subjective complaints [of symptoms/pain] must be considered by the Secretary, and these complaints

may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of symptoms/pain should be gathered and considered, but the absence of such evidence is not determinative. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's symptoms, including pain, are considered to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) (2002). Additionally, the Regulations provide that:

> [w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons. . . . Factors relevant to your symptoms, such as pain, which we will consider include:
>
> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms.
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) (2002).

SSR 96-7p repeats the two-step regulatory provisions:

First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the individual's pain or other symptoms. * * * If there is no medically determinable physical or mental impairment(s), or if there is a medically determinable physical or mental impairment(s) but the impairment(s) could not reasonably be expected to produce the individual's pain or other symptoms, the symptoms cannot be found to affect the individual's ability to do basic work activities.

Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p, 1996 WL 374186 (July 2, 1996). Significantly, SSR 96-7p requires the adjudicator to engage in the credibility assessment as early as step two in the sequential analysis; i.e., the ALJ must consider the impact of the symptoms on a claimant's ability to function along with the objective medical and other evidence in determining whether the claimant's impairment is "severe" within the meaning of the Regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

Craig and SSR 96-7p provide that although an ALJ may look for objective medical evidence of an underlying impairment capable of causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself. Craig, 76 F.3d at 585, 594; SSR 96-7p ("the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record."). For example, the allegations of a person who has a condition capable of causing pain may not be rejected simply

because there is no evidence of "reduced joint motion, muscle spasms, deteriorating tissues [or] redness" to corroborate the extent of the pain.  Id. at 595.  Nevertheless, Craig does not prevent an ALJ from considering the lack of objective evidence of the pain or the lack of other corroborating evidence as factors in his decision.  The only analysis which Craig prohibits is one in which the ALJ rejects allegations of pain solely because the pain itself is not supported by objective medical evidence.

The ALJ must accompany his decision with sufficient explanation to allow a reviewing Court to determine whether the Commissioner's decision is supported by substantial evidence.  "[T]he [Commissioner] is required by both the Social Security Act, 42 U.S.C. § 405(b), and the Administrative Procedure Act, 5 U.S.C. § 557(c), to include in the text of [his] decision a statement of the reasons for that decision."  Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986).  The ALJ's "decisions should refer specifically to the evidence informing the ALJ's conclusion.  This duty of explanation is always an important aspect of the administrative charge . . . ."  Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). The United States Court of Appeals for the Fourth Circuit has stated that in Social Security cases, "[w]e cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to *all* of the relevant evidence." Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) (emphasis added). See also Thorne v. Weinberger, 530 F.2d 580, 582 (4th Cir. 1976)("In deciding a case against a claimant, it is important and preferred that specific findings be made by the Secretary and the Hearing Examiner.") Considering whether the District Court properly determined that substantial evidence supported the ALJ's determination that Ms. Thorne could perform her past relevant work in view of evidence that she experienced pain as a consequence of her impairments, the Fourth Circuit stated

in Thorne that

> [I]t appears that the subjective evidence of pain suffered by Ms. Thorne was entirely discounted because of weak objective findings. Such evidence indicates evidence of disability, and when found to exist must be considered seriously. * * * This alone requires reversal. * * * 'Certainly it is not necessary that she or any other claimant be bedridden to come within the statute's provisions.' * * * In our view the clinical findings and medical diagnoses supported by the subjective evidence overwhelmingly demonstrated the existence of disability. This shifts the burden to the Secretary to show that Ms. Thorne can do work of a substantial nature.

Thorne, 530 F.2d at 583 (Citations omitted). A finding that the ALJ has failed to apply an applicable legal standard is a proper basis for remand. Johnson v. Bowen, 817 F.2d 983, 985 - 986 (2d Cir. 1987).

It is clear from a single reading of the ALJ's decision that he did not perform a proper pain/symptoms and credibility analysis and did not adequately discuss how he concluded that Claimant had the residual functional capacity for light work without sit/stand or non-exertional limitations. Indeed, it appears that the ALJ overlooked evidence that Claimant experienced chronic pain as it appears consistently through the record. In the body of his March 25, 2004, Decision, the ALJ states the standard as set forth in SSR 96-7p and then states his findings as follows respecting Claimant's residual functional capacity (Tr. at 21 - 22.):

> At the hearing, claimant alleged inability to lift more than 5 - 10 pounds, sit more than 15 - 20 minutes, or stand more than 20 - 30 minutes before resting. The record documents cervical/dorsal/lumbosacral strain superimposed on degenerative disc disease, but x-rays and MRIs show only "mild" degenerative changes with no evidence of spinal stenosis or nerve root compression. Examinations by Dr. Koja and Dr. Prudich were notable for diminished range of motion of the cervical/lumbosacral spine, but claimant has full range of motion of all joints of the upper and lower extremities with no neurological deficits. Treatment, essentially limited to two epidural steroid injections and physical therapy, has been extremely conservative, and, as noted by claimant at the hearing, at least partially effective in alleviating discomfort. In light of the minimal clinical findings and conservative treatment, the undersigned finds that claimant retains the residual functional capacity to frequently lift and carry 10 pounds (with occasional lifting/carrying of 20 pounds) and sit,

10

stand, or walk as required in an 8-hour work day. As there are no exertional limitations, claimant is able to perform the full range of work at the light level of exertion. Notably, this residual functional capacity is more restrictive than that reached by the reviewing physicians at the initial and reconsideration levels, who found that claimant is able to perform a wide range of work at the medium level of exertion.

It appears, though the ALJ does not say so, that the ALJ found Claimant's allegations of pain and other symptoms consistent with the underlying medically determinable severe physical impairment, i.e., cervical/dorsal/lumbosacral strain superimposed on degenerative disc disease. The ALJ was then required to consider the intensity, persistence, and limiting effects of the Claimant's symptoms including pain to determine the extent to which the symptoms/pain limit Claimant's ability to do basic work activities. The ALJ was required to consider Claimant's statements about the intensity, persistence, and functionally limiting effects of pain or other symptoms and determine the extent to which they were substantiated by objective medical evidence of record. On the basis of findings derived from objective medical evidence as well as evidence of Claimant's activities of daily living, medications and their side effects if any, and other factors, derived from the record as a whole, the ALJ was required to make a finding respecting Claimant's credibility. The ALJ did not do so; rather, he states conclusively that "[t]he claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision." (Tr. at 23, Finding No. 5.) It is clear from the medical evidence of record that Claimant experiences chronic pain as a consequence of his impairments. The ALJ failed to make any assessment of the Claimant's credibility by considering his allegations of pain and other symptoms in view of the objective medical evidence of record and failed to consider the limitations which Claimant has on the basis of the credible evidence of record.

The ALJ further failed to explain why he accepted the July 7, 2003, opinion of the DDS physician respecting Claimant's exertional and non-exertional limitations as affirmed by Dr.

Lambrechts on August 7, 2003 (Tr. at 189 - 196.), over Dr. Kropac's January 23, 2004, opinions (Tr. at 212 - 214.). The DDS physician determined, apparently on the basis of documents of record, that Claimant could lift/carry 50 pounds occasionally and lift/carry 25 pounds frequently, could stand, walk or sit for about 6 hours in an 8-hour work day and was unlimited in his ability to push and pull. (Tr. at 190.) He found that Claimant could occasionally climb ramps, stairs, ladders, ropes and scaffolds and balance and could frequently stoop, kneel, crouch and crawl. (Tr. at 191.) He found that Claimant should avoid concentrated exposure to hazards. (Tr. at 193.) He stated that the record as he had it did not contain statements of treating or examining sources about Claimant's physical capacities. (Tr. at 195.) On October 2, 2003, Dr. Koja noted on examining Claimant on his initial visit that Claimant had moderate neck and back pain with flexion-extension. (Tr. at 197.) Dr. Kropac examined Claimant on January 5, 2004, and found that Claimant had a limited range of motion of his cervical spine due to pain. (Tr. at 208.) Dr. Kropac prepared a Medical Opinion Re: Ability to do Work-Related Activities. (Tr. at 212 - 214.) Dr. Kropac found that Claimant could lift/carry 10 pounds occasionally and less than 10 pounds frequently, could stand, walk and sit less than two hours in an 8-hour work day. (Tr. at 212.) Dr. Kropac found that Claimant could sit for 30 minutes and stand for 20 minutes without having to change position. (Tr. at 212 - 213.) He found that Claimant needed to walk around every 20 minutes for a period of 20 minutes and to shift at will from sitting or standing/walking but did not need to lie down at work. (Tr. at 213.) He found that Claimant could occasionally twist, stoop (bend), crouch and climb stairs but could never climb ladders. (Id.) He determined that Claimant's ability to reach, handle and push/pull were affected by his experience of pain and found no environmental restrictions. (Tr. at 214.)

For all of the foregoing reasons, the undersigned finds that the ALJ's decision is not in conformity with applicable law and regulatory standards and is not supported by substantial evidence. Accordingly, this matter must be remanded for further proceedings and a detailed explanation at steps four and five of the sequential analysis as may be necessary with respect to the record of Claimant's pain and symptoms deriving from his back condition, credibility and residual functional capacity.

## PROPOSAL AND RECOMMENDATION

It is therefore hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and  **RECOMMENDED** that the District Court **GRANT** the Plaintiff's Motion for Summary Judgment, **DENY** the Defendant's Motion for Judgment on the Pleadings, **VACATE** the final decision of the Commissioner, **REMAND** this matter to the Defendant for further proceedings consistent with the District Court's decision and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u>

13

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

<u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985);

<u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94

(4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Chief Judge Faber,

and this Magistrate Judge.

> The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy

of the same to counsel of record.

> Date: February 23, 2006.

R. Clarke VanDervort
United States Magistrate Judge